**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., A CORPORATION,<br>    Defendant. | Case No. 1:26-cv-02305<br><br>**CONSENT MOTION FOR ENTRY OF PROPOSED STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the United States of America, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 7(b)(1) and Local Civil Rule 7(a), for Entry of a Proposed Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief.

**Points and Authorities in Support of Motion**

1.      On June 29, 2026, the United States, acting upon notification and referral to the Attorney General by the Federal Trade Commission ("FTC"), filed a Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief against Amazon.com, Inc., ("Amazon" or "Defendant") alleging violations of 609(e) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(e), in connection with Amazon's failure to provide records to identity theft victims, as required by statute. (ECF No. 1, Complaint, ¶ 1, 18).

2.      The Complaint contains two counts against Amazon. The counts allege Defendant entered into numerous commercial transactions with persons who made unauthorized use of the means of identification of victims of identity theft (Complaint, ¶¶ 39-40); and Defendant then failed to provide the application and business transaction records related to those transactions to the identity theft victims upon request and failed to provide the application and business

B-1

transaction records related to those transactions to the identity theft victims not later than 30 days after the identity theft victims requested the records (Complaint, ¶¶ 41-42), in violation of Section 609(e) of the FCRA, 15 U.SC. § 1681g(e), and Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

3.      For these alleged violations, the Complaint seeks relief, including a permanent injunction, civil penalties, and other relief, under Section 621(a)(2)(A) of the FCRA, 15 U.S.C. § 1681s(a)(2)(A).

4.      In May 2026, Amazon agreed to resolve the allegations in the Complaint under the terms and conditions of the Proposed Stipulated Order.

5.      The Proposed Stipulated Order would impose a civil penalty of $2.25 million. (Proposed Stipulated Order, ¶ 3.). The Proposed Stipulated Order includes injunctive relief to deter future violations of the FTC Act and FCRA. Section I would permanently enjoin Amazon from failing to provide a copy of certain application and business transaction records, without charge, to Identity Theft Victims, subject to verification of the identity of the Identify Theft Victim and the claim of identity theft, as described therein. (Proposed Stipulated Order, ¶ I.A.-C.). Section II would require Amazon to pay a civil penalty of $2.25 million to the Treasurer of the United States within 7 days of entry of the Order. (*Id.*, ¶ II). Section III would require Amazon to provide a notice on a page of Defendant's website, www.amazon.com, including information directing Identity Theft Victims how to ask Amazon to provide copies of application and business transaction records related to a fraudulent transaction or account (*Id.*, ¶ III.A.). Section III would also require Amazon to certify that the Defendant (a) conducted a reasonable search for certain Eligible Identity Theft Victims and (b) sent a notice by email or other means informing these Eligible Identity Theft Victims that Amazon may have additional application

2

and business transaction records that relate to the Eligible Identity Theft Victim's fraud or identity theft claim, along with how to request the information from the Defendant (*Id.*, ¶ III.B.). Finally, Section III would require that Amazon certify that Amazon has sent application and business transaction records to any Eligible Identity Theft Victims to whom Amazon sent the notice who provided a preferred method of contact and who, if required, sent Amazon the Requested Documents. (*Id.*, ¶ III.C.). Under Section IV, Amazon would be required to provide a copy of the Order to certain third parties for five years after entry of this order. (*Id.*, ¶ IV.B-C.).

6. As part of the settlement, Amazon has waived service of the Complaint and further agreed to the Court's entry of the Proposed Stipulated Order. (*Id*. at PDF pg. 1).

7. The United States and Amazon (collectively "the Parties") and their counsel agree this Court should retain jurisdiction over this matter for purposes of construction, modification, and enforcement of the Proposed Stipulated Order. (*Id*. at PDF pg. 13).

8. The Parties further agree that each Party shall bear its own cost for this action and waive all rights to appeal or otherwise challenge or contest the validity of the Proposed Stipulated Order. (*Id*. at PDF pg. 2 ¶ 4).

9. Representatives of Amazon and the United States have signed the Proposed Stipulated Order's signature pages (*Id.*, PDF pgs. 14-15) and stipulate to the Court's entry of the Proposed Stipulated Order. (*Id*. at PDF pg. 1).

10. This Court has the power to enter the Proposed Stipulated Order without first determining a statutory violation has occurred. *See Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1125-26 (D.C. Cir. 1983). Its duty is only to satisfy itself of the settlement's "overall fairness to beneficiaries and consistency with the public interest." *Id.* (citing *United States v. Trucking Emps., Inc.*, 561 F.2d 313, 317 (D.C. Cir. 1977). In approving and entering the

Proposed Stipulated Order, this Court "need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy." *In re Idaho Conservation League*, 811 F.3d 502, 515 (D.C. Cir. 2016) (quoting *Metro. Hous. Dev. Corp. v. Vill. Of Arlington Heights*, 616 F.2d 1006, 1014 (7th Cir. 1980)). Rather, this Court "need only determine that the settlement is fair, adequate, reasonable, and appropriate under the particular facts and that there has been a valid consent by the concerned parties." *Id.*

11.     The Proposed Stipulated Order is fair, adequate, reasonable, and appropriate. As described above, the Proposed Stipulated Order includes injunctive relief designed to prevent future legal violations and protect Amazon customers. The Order reflects fairness to the parties because it would enable the United States to protect Identity Theft Victims, which is in the public interest.

12.     The Proposed Stipulated Order is also consistent with the government's broad discretion to determine the most advantageous form for securing negotiated relief. *See United States v. Fokker Servs. B.V.*, 818 F.3d 733, 744 (D.C. Cir. 2016) (consent orders should be reviewed by the district court in a manner that "avoid[s] encroaching on the Executive's core discretion over enforcement decisions"). By its terms, the Proposed Stipulated Order would avoid a "protracted examination of the parties' legal rights," which would benefit both the parties and the public by "saving [] time and money that results from the voluntary settlement of litigation." *Citizens for a Better Env't*, 718 F.2d at 1126. Finally, the Proposed Stipulated Order reflects good faith negotiations by the parties, and each has provided their valid consent as described above in Paragraph 9.

## Conclusion

For the forgoing reasons, the United States respectfully requests that the Court sign the

Proposed Stipulated Order and enter it as the judgment of the Court in this action.

Respectfully submitted,

DATED: June 29, 2026

Of Counsel:

**FOR THE UNITED STATES OF AMERICA:**

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

WHITNEY MOORE (D.C. Bar No. 496842)
GORANA NESKOVIC (D.C. Bar No. 997322)
JAMIE HINE (IL Bar No. 6281852)
Attorneys
Federal Trade Commission
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Ave, NW
Washington, DC 20580
Mail Stop CC-8232
(202) 326-2645 (Moore)
(202) 326-3392 (Fax)

SARMAD M. KHOJASTEH
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director

/s/ Lory D. Alexander
LORY D. ALEXANDER (D.C. Bar No. 998686)
ZACHARY A. DIETERT (D.C. Bar No. 1003784)
Assistant Directors
Enforcement and Affirmative Litigation Branch
U.S. Department of Justice
450 5th St., N.W. Ste. 6400-S
Washington, D.C. 20530
Telephone (202) 532-4071
Fax: (202) 514-8742
Lory.D.Alexander@usdoj.gov
Zachary.A.Dietert@usdoj.gov