**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., A CORPORATION,<br><br>  Defendant. | Case No. 1:26-cv-2305<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification from the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief ( "Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a). Defendant has waived service of the summons and the Complaint. The Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant participated in acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and Section 609(e) of the FCRA, 15 U.S.C. § 1681g(e), by failing to provide application and business transaction records to Identity Theft Victims within 30 days of receiving the Identity Theft Victims' requests.

1

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and both parties agree to bear their own costs and attorney fees.

5. Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendant**" means Amazon.com, Inc., and its successors and assigns.

B. "**Identity Theft Victim**" means a consumer whose means of identification or financial information has been used or transferred (or has been alleged to have been used or transferred) by a third party without the authority of that consumer, with the intent to commit, or to aid or abet, an identity theft or a similar crime.

C. "**Eligible Identity Theft Victim**" means any Identity Theft Victim from whom Defendant received a written request for application and business transaction records related to the Identity Theft Victim's claim of identity theft, during the period of April 1, 2024 to the date of this Order.

2

## ORDER

### I.    PROHIBITED BUSINESS PRACTICES

IT IS ORDERED:

A.    That Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, within 30 days of the date of receipt of a written request from an Identity Theft Victim received at the address specified by the Defendant or via other channel specified by the Defendant, and subject to verification of the identity of the Identify Theft Victim and the claim of identity theft in accordance with Section I.B, and when Defendant has provided credit to, provided for consideration products, goods, or services to, accepted payment from, or otherwise entered into a commercial transaction for consideration with, a person who has allegedly made unauthorized use of the means of identification of the Identity Theft Victim, are hereby permanently restrained and enjoined from failing to provide, without charge to the Identity Theft Victim, a copy of application and business transaction records in the control of Defendant, whether maintained by Defendant or by another person on behalf of Defendant, evidencing any such transaction alleged to be a result of identity theft. Such records, which may include information that identifies the alleged identity thief, shall be provided to:

   1.    the Identity Theft Victim;

   2.    any Federal, State, or local government law enforcement agency or officer specified by the Identity Theft Victim in such a request; or

   3.    any law enforcement agency investigating the identity theft and authorized by the Identity Theft Victim to take receipt of such records.

3

B.      Before Defendant provides any records under Section I.A, Defendant may require the Identity Theft Victim to provide to Defendant:

1.      as proof of positive identification of the Identity Theft Victim, at the election of the Defendant:

a.      the presentation of a government-issued identification card;

b.      personally identifying information of the same type as was provided to Defendant by the unauthorized person; or

c.      personally identifying information that Defendant typically requests from new applicants or for new transactions, at the time of the Identity Theft Victim's request for information, including any documentation described in clauses I.B.1.a and I.B.1.b;

2.      as proof of a claim of identity theft, at the election of Defendant:

a.      a copy of a police report evidencing the claim of the Identity Theft Victim; and

b.      a properly completed:

i.      copy of a standardized affidavit of identity theft developed and made available by the Consumer Financial Protection Bureau; or

ii.     affidavit of fact that is acceptable to Defendant for that purpose; and

3.      to facilitate Defendant's compliance with the requirements in Section I.A, relevant information about any transaction alleged to be a result of identity theft, including:

4

a.  if known by the Identity Theft Victim (or if readily obtainable by the Identity Theft Victim), the date of the application or transaction; and

b.  if known by the Identity Theft Victim (or if readily obtainable by the Identity Theft Victim), any other identifying information such as an account or transaction number.

C.  Defendant may decline to provide information under Section I.A if, in the exercise of good faith, Defendant determines that:

1.  Section I.A or I.D does not require disclosure of the information;

2.  after reviewing the information provided pursuant to Section I.B.1-3, Defendant does not have a high degree of confidence in knowing the true identity of the individual requesting the information;

3.  the request for the information is based on a misrepresentation of fact by the individual requesting the information relevant to the request for information; or

4.  the information requested is Internet navigational data or similar information about a person's visit to a website or online service.

D.  Nothing in this Order shall be construed to waive or alter any defense under Section 609(e), including the affirmative defense to file an affidavit or answer stating that: (A) the business entity has made a reasonably diligent search of its available business records; and (B) the records requested under Section 609(e) do not exist or are not reasonably available. Those defenses shall also be available to any action to enforce the Order.

E.      No provision of Title V, subtitle A, of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809 prohibiting the disclosure of financial information by a business entity to third parties, shall be used to deny disclosure of information to the Identity Theft Victim under Section I.A.

F.      Except as provided in Section I.E, nothing in this subsection permits or requires Defendant to disclose information, including information to law enforcement under Sections I.A.2 and I.A.3, that Defendant is otherwise prohibited from disclosing under any other applicable provision of Federal or State law.

## II.      MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of two million two hundred and fifty thousand dollars ($2,250,000) is entered in favor of Plaintiff against Defendant as a civil penalty due to its pattern or practice of knowing violations of the FCRA.

B.      Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, two million two hundred and fifty thousand dollars ($2,250,000). Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions to be provided by a representative of Plaintiff upon the Court's issuance of this Order.

C.      Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission to enforce its rights pursuant to this Order.

E.      Defendant acknowledges that Defendant's Taxpayer Identification Number ("TIN"), which Defendant must submit to Plaintiff within 7 days of entry of this Order, may be used for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

### III.    NOTICES TO ELIGIBLE IDENTITY THEFT VICTIMS AND OTHER IDENTITY THEFT VICTIMS

IT IS FURTHER ORDERED that:

A.      On or before 30 days after entry of this Order, and for three years following, Defendant must provide a website notice on a page of Defendant's website, www.amazon.com, in a place where consumers seeking information about fraud and identity theft would reasonably expect to find such information, and such notice must include information directing Identity Theft Victims how to ask Amazon to provide copies of application and business transaction records related to a fraudulent transaction or account. Such notice must provide an electronic method and postal address to any one of which the Identity Theft Victim can elect to submit the request. Such notice must not require the Identity Theft Victim to provide any information other than what is described in Sections I.B.1, I.B.2, and I. B.3 above (collectively, the "Requested Documents"), and to require the Identity Theft Victim to provide a method of contact. The notice must affirm that Amazon will send copies of records required under Section 609(e) that relate to the Identity Theft Victim's request within 30 days after receiving (i) the request, (ii) the Identity Theft Victim's preferred contact information (if Amazon, in good faith, requires submission of this information), and (iii) the Requested Documents (if Amazon, in good faith, requires submission of some or all of the Requested Documents).

B.      Defendant shall, within 120 days after entry of this Order, provide the Commission with its certification, signed by a Vice President of Amazon Legal, Enterprise Risk,

7

on behalf of Amazon, that Amazon (a) conducted a reasonable search for Eligible Identity Theft Victims for whom Amazon has valid contact information and who (i) previously submitted a written request for application and business transaction records but (ii) did not receive the application and business transaction records that relate to their request, and (b) sent a notice by email or other means informing the Eligible Identity Theft Victims that Amazon may have additional application and business transaction records that relate to the Eligible Identity Theft Victim's fraud or identity theft claim, and that the Eligible Identity Theft Victim may request those records by following the same process described in Section III.A above.

C.      Defendant shall, within 180 days after entry of this Order, provide the Commission with its certification, signed by a Vice President of Amazon Legal, Enterprise Risk, on behalf of Amazon, that Amazon has sent application and business transaction records in its control evidencing any transaction alleged to be a result of identity theft to any Eligible Identity Theft Victims to whom Amazon sent the notice described in Section III.B above, who provided Amazon a preferred method of contact, and who, if required, sent Amazon the  Requested Documents. This certification shall state the number of Eligible Identity Theft Victims to whom Amazon sent the notice described in Section III.B above; the number of Eligible Identity Theft Victims from whom Amazon received a preferred method of contact and Requested Documents; the number of Eligible Identity Theft Victims to whom Amazon sent records pursuant to this requirement; and the number of Eligible Identity Theft Victims to whom Amazon did not send records pursuant to this requirement because Amazon determined in good faith that

one or more of the conditions specified in Section I.C above applied to the request, or Amazon was not able to identify any reasonably available records.

## IV.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A.    Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, Defendant must deliver a copy of this Order to:  (1) all employees having managerial responsibilities for conduct related to Section I of the Order and all employees and representatives responsible for responding to requests from Identity Theft Victims for application and business transaction records submitted pursuant to Section I of this Order or Section 609(e) of FCRA; and (2) any business entity resulting from any change in Defendant's structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 14 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## V. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant makes timely submissions to the Commission:

A.    One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must: (1) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of

the Commission and Plaintiff may use to communicate with Defendant; (2) describe the activities of Defendant relevant to the requirements of Section 1.A above and the scope of this Order; (3) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (4) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (1) any designated point of contact; or (2) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate

10

Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin:  FTC v. Amazon.com, Inc.

<h3 style="text-align:center">VI. RECORDKEEPING</h3>

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records to the extent they relate to Section I of this Order:

A.    personnel records showing, for each employee having managerial responsibilities for conduct related to Section I of the Order that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

B.    records of all written consumer complaints relating to requests for application or business transaction records, pursuant to FCRA Section 609(e), whether received directly or indirectly, such as through a third party, and any response; however, this section does not apply to complaints that Defendant does not receive and that exist only in public forums or as filed on public websites that compile consumer reviews;

C.    records tracking each request for records covered by Section I.A of this Order that Defendant receives, including:

1.    the date Defendant received each request;

2.    if applicable, the date Defendant provided the records in response to the request; and

3.    for any request where Defendant declines to provide the requested records in full, the reasons for such denial;

D.      records sufficient to show training materials and compliance procedures used by Defendant in connection with the requirements of Section I of this Order; and

E.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## VII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to pay the civil penalty as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.


## IX. ORDER TERMINATION

IT IS FURTHER ORDERED that this Order will remain in effect for 10 years after its

entry by this Court, after which point it will expire and no longer impose any requirements on

Amazon.



**SO ORDERED this ___ day of _____, 2026.**


                                    _____

                                    UNITED STATES DISTRICT JUDGE

13

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD M. KHOJASTEH
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director

/s/ Lory D. Alexander
LORY D. ALEXANDER (D.C. Bar No. 998686)
ZACHARY A. DIETERT (D.C. Bar No. 1003784)
Assistant Directors
Enforcement and Affirmative Litigation Branch
U.S. Department of Justice
450 5th St., N.W. Ste. 6400-S
Washington, D.C. 205306
Telephone (202) 532-4071
Fax: (202) 514-8742
Lory.D.Alexander@usdoj.gov
Zachary.A.Dietert@usdoj.gov

**FEDERAL TRADE COMMISSION**

/s/ Whitney Moore
WHITNEY MOORE (D.C. Bar No. 496842)
GORANA NESKOVIC (D.C. Bar No. 997322)
JAMIE HINE (IL Bar No. 6281852)
Attorneys
Federal Trade Commission
Division of Privacy and Identity Protection
Federal Trade Commission
600 Pennsylvania Ave, NW
Washington, DC 20580
Mail Stop CC-8232
(202) 326-2645 (Moore)
(202) 326-3392 (Fax)
wmoore@ftc.gov

14

**FOR DEFENDANT:**

Signed by:

*Benjamin M. Mundel*

017AFEA736A947B...

Date: 5/12/2026

Benjamin M. Mundel
Taylor G. Bragg
Sidley Austin, LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (fax)
bmundel@sidley.com

COUNSEL for Amazon.com, Inc.

**DEFENDANT:  Amazon.com, Inc.**

Signed by:

*Alexis Collins*

D83AF36404C7465...

Date: 5/8/2026

Alexis Collins
Vice President of Amazon Legal, Enterprise Risk